**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRAVIS BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No: |
| ) | |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Now comes the Plaintiff, TRAVIS BLACK, by his attorneys, MARK D. DEBOFSKY and DeBofsky Sherman Casciari Reynolds, P.C., and complaining against the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, he states:

*Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, consists of a group long-term disability insurance policy underwritten and administered by Hartford Life and Accident Insurance Company ("Hartford") for the benefit of employees of Imperial Capital Group Holdings LLC and its affiliates (Policy No. GLT 872856), which includes Plaintiff. Additionally, this action may be brought before this court pursuant to 28 U.S.C. 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative

or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3.     Venue is proper in this district since Plaintiff both worked and lived in this district at the time his claim accrued, participated in the employee benefit plan at issue within this district, and many of the events and occurrences relevant to this matter occurred within this district. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

### *Nature of the Action*

4.     This is a claim seeking reinstatement of long-term disability insurance payments under Policy GLT 872856 (Insured ID 9004480315) retroactive to February 28, 2017. A true and accurate copy of the Certificate of Coverage is attached hereto as Exhibit "A." This action is brought pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks attorneys' fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g) and prejudgment interest pursuant to either 29 U.S.C. §§ 1132(a)(1)(B) of 1132(a)(3).

### *The Parties*

5.     Plaintiff, Travis Black ("Black or "Plaintiff") age 42 (born in 1977), was, at the time of benefit denial, a citizen and resident of the State of Illinois.

6.     Defendant, Hartford, was at all times relevant hereto doing business throughout the United States and within the Northern District of Illinois.

### *Statement of Facts*

7.     Prior to the onset of his disability, Plaintiff was employed as an investment banker and working for Imperial Capital in Chicago, Illinois as Managing Director, High Yield Capital Markets, Investment Banking Group. Black suffered a traumatic brain injury that caused him to cease working in 2015.

8.     Shortly after he ceased working, Black applied for long-term disability ("LTD")

insurance benefits from Hartford upon the expiration of short-term disability benefit payments. Plaintiff's claim was initially approved based on a determination that Black met the Policy's definition of "disability," and he began receiving a monthly LTD benefit of $10,000 effective March 1, 2015.

9. Despite the chronicity of Plaintiff's impairment, and in the absence of sufficient improvement that would enable him to return to his regular occupation, Hartford terminated Plaintiff's benefits as of February 27, 2017 even though the benefits were scheduled to be paid until Plaintiff reached retirement age.

10. Plaintiff challenged Hartford's determination by submitting a detailed claim appeal pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.603-1 which was supported by extensive medical and vocational evidence proving that he continued to meet the Policy's definition of "disability."

11. Despite the submission of evidence conclusively establishing Black's entitlement to ongoing receipt of benefits, Hartford upheld its determination to discontinue LTD Plaintiff's benefits, which exhausted all required pre-litigation appeals and renders this matter ripe for adjudication.

12. Hartford's denial of benefits was based on an inadequate evidence and failed to consider how the documented ongoing decrements in Plaintiff's cognitive functioning continued to support his ongoing claimed disability.

13. As a direct and proximate result of the foregoing, Defendant's determination was wrong as a matter of law and contrary to the evidence provided which established, by a preponderance of the evidence, that Plaintiff remained unable to perform the material and substantial duties of his regular occupation.

14. Since the date of onset of his disability, Black has been and remains unable to perform the material and substantial duties of his regular occupation due to his impairments; and since his impairments are chronic and have not improved despite intensive treatment, there was no reasonable likelihood of medical improvement at any time prior to the expiration date of the scheduled benefit payments.

### *Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in his favor and against the Defendant and that the court order the Defendant to reinstate Plaintiff's long-term disability benefits and pay benefits owed in arrears through February 28, 2017;

B. That the court award Plaintiff prejudgment interest due on all overdue benefit payments;

C. That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g); and

D. That Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

February 12, 2020                                        Respectfully Submitted,

                                                        /s/ *Mark D. DeBofsky*
                                                        One of the Plaintiff's Attorneys

Mark D. DeBofsky (IL ARDC #3127892)
DeBofsky Sherman Casciari Reynolds P.C.
150 N. Wacker Dr., Suite 1925
Chicago, IL 60606
(312) 235-4880 (phone)
(312) 929-0309 (fax)